UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
IN RE BIOZOOM, INC. SECURITIES :
LITIGATION :
: CASE NO. 1:14-CV-01087
:
:
: OPINION AND ORDER
: [Resolving Doc. 129]
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this putative securities class action, Plaintiffs seek leave to file a Third Amended Complaint to cure a pleading deficiency identified by the Court's order on Defendants' motions to dismiss.[1] For the reasons below, the Court **GRANTS** Plaintiffs' motion for leave to file a Third Amended Complaint.

**I. Background**

On May 20, 2014, Charles Corso, acting as trustee for the Anthony O. Corso Living Trust, ("Corso") filed this putative class lawsuit against Defendant KCG Americas LLC ("KCG"). Corso sought to represent a class of "all persons who purchased Biozoom stock between May 16, 2013[,] and June 25, 2013[,] from Defendant, inclusive, . . . seeking to pursue remedies under the Securities Act [of 1933]."[2]

On June 24, 2014, Plaintiffs filed an amended complaint, adding several more Plaintiffs and

---

[1] Doc. 129. Defendants have responded, Doc. 132, and Plaintiffs have replied, Doc. 133.
[2] Doc. 1 at 2-3.

Case No. 1:14-CV-01087
Gwin, J.

adding all other Defendants except for VFinance ("VFinance").[3] In their first amended complaint, Plaintiffs again made a single claim for violation of the Securities Act of 1933.[4]

On September 18, 2014, Plaintiffs filed a Second Amended Complaint, adding two new Plaintiffs and Defendant VFinance Investments, Inc.[5] The Second Amended Complaint also added a variety of state law claims.[6]

The Defendants filed consolidated motions to dismiss Plaintiffs' federal and state law claims.[7] On February 9, 2015, the Court held oral argument on these motions,[8] and on February 26, 2015, the Court granted the Defendants' motion to dismiss the federal law claims of all Plaintiffs except for Corso for failure to satisfy the Securities Act's one year statute of limitations.[9] Familiarity with that order, which sets out the factual background of this case in greater detail, is assumed.

Plaintiffs now seek leave to file a Third Amended Complaint which would differ from the Second Amended Complaint only by pleading the specific dates on which delivery of Biozoom shares purchased by Plaintiffs Corso and Stuart Spiteri occurred, which, according to Plaintiffs, would bring Plaintiff Spiteri's Section 12(a)(1) claim within the statute of limitations.[10]

**II. Legal Standards**

---

[3]Doc. 6.
[4]Doc. 6.
[5]Doc. 62. The Second Amended Complaint also added another Defendant, Archipelago Trading Services, Inc., *id.*, but the claims against that Defendant were subsequently voluntarily dismissed, Docs. 89, 95.
[6]Doc. 62.
[7]Docs. 102, 103.
[8]Doc. 124.
[9]Doc. 127. The Court also granted Defendants' motion to dismiss all of Plaintiffs' state law claims. *Id.*
[10]Doc. 129.

Case No. 1:14-CV-01087
Gwin, J.

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with leave of the Court.[11] The rule further specifies that "[t]he court should freely give leave when justice so requires."[12] This lenient standard furthers the general policy of deciding cases on their merits rather than on procedural technicalities.[13]

In this case, the Court set a deadline for amending pleadings of October 20, 2014.[14] Such deadlines are not absolute, but rather "may be modified . . . for good cause and with the judge's consent."[15] Where the Rule 16 good cause standard applies, it supercedes Rule 15's more lenient standard.[16] "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."[17] Prejudice to the opposing party is also relevant.[18] Correcting a deficiency identified in a ruling on a dispositive motion can be good cause in some,[19] but not all,[20] circumstances.[21]

Leave to amend may also be denied where the amendment would be futile because the amended complaint would still be subject to dismissal under Rule 12(b)(6).[22]

---

[11]Fed. R. Civ. P. 15(a)(2).

[12]*Id.*

[13]*Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005) (internal citation omitted).

[14]Doc. 73-1.

[15]Fed. R. Civ. P. 16(b)(4).

[16]6A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1522.2 (3d ed. 2013).

[17]*Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal citation omitted).

[18]*Id.* (internal citation omitted).

[19]*Id.* at 625-26.

[20]*See* Begala v. PNC Bank, Ohio, Nat'l Ass'n, 214 F.3d 776, 783-84 (6th Cir. 2000).

[21]Defendants also argue that Sixth Circuit precedent prohibits repeated amendments in PSLRA suits. *Miller v. Champion Enters. Inc.*, 346 F.3d 660, 689-92 (6th Cir. 2003); *PR Diamonds, Inc. v. Chandler*, 91 F. App'x 418, 443-45 (6th Cir. 2004). But the cases Defendants cite rely on a provision in the PSLRA that requires dismissal where a private securities suit fails to meet the heightened standard for pleading scienter. 15 U.S.C. § 78u-4(b)(3)(A). Here, by contrast, the defect identified in the Court's order on the Defendants' motions to dismiss is unrelated to scienter.

[22]*See Inge*, 281 F.3d at 625.

Case No. 1:14-CV-01087
Gwin, J.

### III. Analysis

**A. Good Cause**

In this case, the Court finds that good cause exists to modify the scheduling order and allow Plaintiffs to file a Third Amended Complaint. Although the Plaintiffs did not seek leave to amend until several months after the deadline imposed in the scheduling order, they sought leave promptly after the Court's ruling on the motion to dismiss identified a pleading deficiency.

And although it would have been preferable for Plaintiffs to specifically plead the delivery date from the beginning, the Court accepts the Plaintiffs' arguments that they reasonably believed doing so was unnecessary.[23] Defendants motion was not one for summary judgment, where Plaintiffs would have been expected to produce evidence to substantiate their claims. Rather, it was a motion to dismiss where Plaintiffs needed only to plausibly allege their claims. The Court accepts Plaintiffs' explanation for why it thought that relying on the T+3 rule sufficed to plausibly allege delivery dates.

Moreover, the Court rejects Defendants' argument that granting Plaintiffs' motion for leave would unfairly prejudice Defendants. Defendants' only argument for prejudice is that they were forced to expend resources responding to what they say will be a "hypothetical complaint" if the Court grants Plaintiffs' motion for leave.

The Court notes that Defendants would have raised most if not all of the same arguments in a motion to dismiss the Third Amended Complaint because the Second Amended Complaint already contained claims from at least one Plaintiff, Corso, whose Section 12(a)(1) claim was timely regardless of the delivery date and at least one Plaintiff, Charles Galanti, whose Section 12(a)(1)

---

[23]*See* Doc. 133 at 3-4.

Case No. 1:14-CV-01087
Gwin, J.

claim could only be timely under a relation back theory.[24] Taken together with the Court's conclusion that Plaintiffs did not act in bad faith or unduly delay seeking leave to amend, this defeats Defendants' claim that granting Plaintiffs' motion for leave would unfairly prejudice Defendants.

Defendants also argue that the Court should treat Plaintiffs' motion for leave as a motion for reconsideration. Plaintiffs respond that they are not asking the Court to reconsider its decision, but merely fixing a pleading deficiency. Although Defendants are correct that some courts have treated motions for leave to amend after a motion to dismiss is granted as motions for reconsideration,[25] others have not.[26] Importantly, the Plaintiffs are not seeking to assert new causes of action or present new legal theories. Rather, Plaintiffs are merely adding a slightly more specific allegation and new attachments to support it.

As noted above, the Court accepts Plaintiffs' explanation for the earlier omission of these more specific allegations and attachments. The Court thus concludes that applying the stricter standards for allowing a motion for reconsideration would not be warranted.

**B. Futility**

Defendants further argue that the Plaintiffs' motion for leave to file their proposed Third Amended Complaint should be rejected because it is futile. According to Defendants, the one year statute of limitations runs only from an unregistered security's sale or offer, not from its delivery.[27] In ruling on Defendants' motions to dismiss, the Court considered but did not resolve this question.[28]

---

[24]Doc. 102-1 at 9; Doc. 115 at 11 n.6.
[25]*See, e.g.*, *MedApproach Holdings, Inc. v. Hawkins*, No. 3:11-cv-01199, 2014 WL 317710 (M.D. Tenn. Jan. 28, 2014).
[26]*See Inge*, 281 F.3d at 625-26.
[27]Doc. 132 at 14-15.
[28]*See* Doc. 127 at 8-9.

Case No. 1:14-CV-01087
Gwin, J.

Section 13 of the Securities Act of 1933 provides that any lawsuit under Section 12(a)(1) of that statute must be brought "within one year after the violation upon which it is based."[29] A violation of Section 12(a)(1) of the Securities Act of 1933 occurs when a person "offers or sells a security in violation of [Section 5 of the Securities Act]."[30] And in turn, Section 5 makes it unlawful for "any person, directly or indirectly . . . to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale."[31] Thus, Section 12(a)(1) incorporates the prohibitions of Section 5, which include a ban on delivering unregistered securities.

Neither Plaintiffs nor Defendants have pointed to any Sixth Circuit authority on whether the "violation upon which [a Section 12(a)(1) lawsuit] is based" for statute of limitations purposes must be an offer or sale, or could also be a delivery. But Plaintiffs have pointed to multiple out of circuit cases holding that the statute of limitations does not bar Section 12(a)(1) claims where delivery occurs within the one year window.

For example, in *Buchholtz v. Renard*, the court concluded that the statute of limitations for a Section 12(a)(1) claim had not expired where the plaintiff alleged that delivery had occurred less than one year before the filing of the complaint, even though the sale had occurred more than a year before the filing of the complaint.[32] In *Raiford v. Buslease, Inc.*, the Eleventh Circuit applied similar reasoning when the Eleventh Circuit concluded that the one year statute of limitations did not begin

---

[29] 15 U.S.C. § 77m.
[30] *Id.* § 77*l*.
[31] *Id.* § 77e(a)(2).
[32] *Buchholtz v. Renard*, 188 F. Supp. 888, 892 (S.D.N.Y 1960). The court in *Buchholtz* did grant leave for a more definite statement, requiring the plaintiff to allege the particular date on which delivery occurred. *Id.* The proposed Third Amended Complaint would meet this requirement. *See* Doc. 129-2 at 3-4, 6.

Case No. 1:14-CV-01087
Gwin, J.

running until the completion of the last act violating Section 5, which included steps after the sale agreement was complete such as the actual transfer of funds to pay for the securities.[33]

By contrast, the Court finds Defendants' contrary authority either distinguishable or not persuasive. In two of the cases Defendants cite, the plaintiffs had never pled an unlawful delivery.[34] Although Defendants suggest that the same is true here,[35] both the Second Amended Complaint and the proposed Third Amended Complaint allege unlawful deliveries, not just unlawful sales.[36] And a third case Defendants cite dealt not with the one year statute of limitations, that runs from "the violation upon which [the lawsuit] is based," but the three year statute of repose, which runs from "the sale."[37]

It is true that one case Defendants cite says that the statute of limitations should run from the first violation of Section 12(a)(1), not the last violation.[38] To the degree this statement was intended to apply to cases where, unlike in the case then before the court, the plaintiff has pled an unlawful delivery, the Court is more persuaded by the cases holding that the statute of limitations runs from the last unlawful action that directly relates to a particular transaction that violates the Securities

---

[33] *Raiford v. Buslease, Inc.*, 825 F.2d 351 (11th Cir. 1987); *see also Stephenson v. Deutsche Bank AG*, 282 F. Supp. 2d 1032 (D. Minn. 2003) (citing *Doran v. Petroleum Mgmt. Corp.*, 576 F. 2d 91, 93 (5th Cir. 1978)).

[34] *Eriksson v. Galvin*, 484 F. Supp. 1108, 1120 (S.D.N.Y. 1980) ("The complaint in this action has been amended twice; all three versions allege only an unlawful sale on September 13th and do not describe subsequent events."); *Goldstein v. Regal Crest, Inc.*, 59 F.R.D. 396, 403 n.5 (E.D. Pa. 1973) ("Plaintiffs in their brief in opposition to defendant Fahnestock's motion to dismiss this count argued that the statute would not begin to run until after the delivery of the stock, which has not yet occurred. . . . Plaintiffs can certainly not rely on the statute of limitations applicable to an offense which has not been committed.").

[35] Doc. 132 at 14 ("Furthermore, Plaintiffs have not previously pleaded a claim under Section 12 on a separate and distinct 'delivery' theory . . . .").

[36] *See* Doc. 62 at 21 ("Defendants named herein engaged in a course of conduct of offering, selling, and delivering unregistered shares of Biozoom . . . ."); Doc. 129-2 at 21-22 (same); *see also* Doc. 127 at 5 ("Plaintiffs also allege that the Defendants impermissibly sold, offered, and delivered unregistered securities . . . ." (citing the Second Amended Complaint)).

[37] *Gutfreund v. Christoph*, 658 F. Supp. 1378, 1387 (N.D. Ill. 1987); *see* 15 U.S.C. § 77m.

[38] *Eriksson*, 484 F. Supp. at 1119.

-7-

Case No. 1:14-CV-01087
Gwin, J.

Act.[39]

Some of these cases treat the delivery as a part of the prohibited sale that extends the statute of limitations,[40] while others treat it as an independent violation.[41] Given the Court's conclusion that, like the Second Amended Complaint, the proposed Third Amended Complaint contains allegations of unlawful delivery, either theory suffices to defeat Defendants' futility argument.

Finally, Defendants argue that Plaintiffs' proposed Third Amended Complaint is deficient because it does not allege which particular Defendant delivered securities on which particular date, because it is somewhat inconsistent as to when delivery occurred, and because Defendants say that the dealer's exemption would cover delivery on the latest date pled by Plaintiff Spiteri.[42] None of these arguments succeed. To survive a motion to dismiss–or to make an amendment not futile–the complaint need only plausibly allege that a violation has occurred. The Court finds that the proposed Third Amended Complaint meets this standard.[43]

### IV. Conclusion

For the above reasons, the Court **GRANTS** Plaintiffs' motion for leave to file the proposed Third Amended Complaint. Plaintiffs are directed to file the Third Amended Complaint upon receipt of this order. As Plaintiffs acknowledge, the Court's order on Defendants' motions to

---

[39] *E.g.*, *Raiford.*, 825 F.2d 351; *Stephenson*, 282 F. Supp. 2d 1032; *Buchholtz*, 188 F. Supp. 888.

[40] *E.g.*, *Stephenson*, 282 F. Supp. 2d 1032.

[41] *E.g.*, *Buchholtz*, 188 F. Supp. 888.

[42] Doc. 132 at 14 & n.9.

[43] *Cf. Buchholtz*, 188 F. Supp. at 891 (rejecting a motion to dismiss a complaint where the plaintiffs had not pled which defendant had sold them which particular unregistered shares).

Case No. 1:14-CV-01087
Gwin, J.

dismiss the Second Amended Complaint continues to govern.[44/] Accordingly, the only active claims will be the Section 12(a)(1) claims of Plaintiffs Corso and Spiteri.

      IT IS SO ORDERED.


Dated: April 29, 2015                          s/ *James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[44] Doc. 131.