**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| In re Biozoom, Inc. Securities Litigation. | Civil Action No.:  1:14-cv-01087  <br><br>Judge James S. Gwin |

**REPLY MEMORANDUM IN FURTHER SUPPORT
OF DEFENDANTS' ACCELERATED MOTION FOR
<u>SUMMARY JUDGMENT ON STIPULATED FACTS</u>**

As set forth in Defendants' opening brief and Plaintiffs' response, "[i]n view of the undisputed, stipulated facts and applicable law, Plaintiffs agree that summary judgment by this Court is appropriate."  (Pls.' Response to Defs.' Mot. for Summ. J. ("Response") at 4, Dkt. 143).  Plaintiffs have submitted a response, however, "for the purpose of preserving an accurate record of Plaintiffs' position."  (Response at 1.)  To the extent that Plaintiffs advance once more arguments previously considered and rejected by this Court concerning Section 4(a)(3), Defendants incorporate by reference all relevant prior arguments made in Defendants' filings with this Court and reiterate their position that the Court correctly held that, under Section 4(a)(3), the 40-day carve-out to the dealer exemption "runs . . . once, from the *first* date when the security was 'bona fide offered to the public.'"  (Op. & Order at 20, Dkt. 127.)  To the extent that Plaintiffs purport to present what they refer to as additional "authority" on this issue, from a "newly-found" amicus brief that Plaintiffs cite for the first time in their response (Response at 2 n.1), Defendants submit this reply to make clear that this newly-cited source (which is not law) provides no basis whatsoever for departing from this Court's prior correct holding.  Indeed, the proposition for which Plaintiffs cite the amicus brief was not even adopted by the court in the underlying case.

More than ten years ago, the SEC submitted an amicus brief at the Second Circuit's request to address the then-novel issue of when the three-year repose period under Section 13 of the Securities Act (15 U.S.C. § 77m) begins.  Brief of the Securities and Exchange Commission as Amicus Curiae, *P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92 (2d Cir. 2004) (No. 02-7680), 2003 WL 23469695 ("SEC Amicus Brief").  Section 4(a)(3)'s dealer exemption was *not* at issue in that case.  The two provisions are entirely separate with markedly different language.  Specifically, Section 4(a)(3) provides that the dealer exemption does not apply to "transactions

taking place prior to the expiration of forty days after *the first date* upon which the security was bona fide offered to the public by the issuer or by or through an underwriter" (15 U.S.C. § 77d(a)(3)(A) (emphasis added)), whereas Section 13 provides, in relevant part, that no action may be brought "more than three years after the security was bona fide offered to the public" (15 U.S.C. § 77m).[1]  Moreover, the case concerned "a single public offering of unregistered securities."  *P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 102 (2d Cir. 2004).  The issue that this Court squarely addressed – whether the 40-day window for dealer liability under Section 4(a)(3) resets each time there is a new distribution of the same securities (which this Court wholly rejected) – was not before the Second Circuit in *P. Stolz Family*, and the Second Circuit did not address it.

In sum, the snippet Plaintiffs reference from a footnote of the SEC's amicus brief – which pertains to the SEC's proposed reading of a different statutory provision, with different language,

---

[1] The SEC, in its amicus brief, noted that the court had identified "three alternative constructions of Section 13 that are argued by the parties on appeal" and had asked the SEC to weigh in. (SEC Amicus Brief at 5.)  The SEC considered the options presented by the parties: that the three-year statute of repose period begins when the security is (1) registered; (2) first offered; and (3) last offered. (*Id.*).  The SEC then indicated that it agreed with the second construction. (*Id.*)  It is within this context that the SEC explained, with no citation to any authority, what the SEC itself understood the words "first-offered" to mean in the context of Section 13 (which does not use those words).  (*Id.* at 6 n.2)

Furthermore, Plaintiffs attempt to seek to establish some connection between the SEC's comments in this amicus brief and *SEC v. North American Research & Development Corp.*, 280 F. Supp. 106 (S.D.N.Y. 1968) ("*North American*").  But Plaintiffs extensively addressed *North American* in their Sur-Reply.  (Pls.' Sur-Reply to Defs.' Omnibus Mot. to Dismiss, Dkt. 119-1). And this Court already considered that non-binding case at length and, correctly, found it unpersuasive.  (Op. & Order at 21-23, Dkt. 127).  Indeed, that case is inapposite for multiple reasons, including that: the subject shares in that case were never subject to a prior registration statement, the *North American* court expressly limited its holding to the unique situation where the first alleged offering pre-dated the Securities Act, and the defendants in that case were involved in the "distribution" of the subject shares, not secondary trading.

2

and involving a different context – provides no support for Plaintiffs' position, which this Court has already rejected.[2]

Dated: July 16, 2015

Respectfully Submitted,

s/ Brian J. Lamb
Brian J. Lamb (0055447)
Brian.Lamb@thompsonhine.com
Thomas M. Ritzert (0085370)
Thomas.Ritzert@thompsonhine.com
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
Phone: (216) 566-5500
Fax: (216) 566-5800
*Attorneys for Defendants KCG Americas LLC, Citigroup Global Markets Inc., Automated Trading Desk Financial Services, LLC, and UBS Securities LLC*

*Of Counsel*

Joseph Lombard (*pro hac vice*)
jlombard@mmlawus.com
MURPHY & McGONIGLE, P.C.
555 13th Street, N.W.
Washington, DC 20004
Phone: (202) 661-7000
Fax: (202) 661-7059

Michael V. Rella (*pro hac vice*)
mrella@mmlawus.com
MURPHY & McGONIGLE, P.C.
1185 Avenue of the Americas, 21st Floor

---

[2] In rejecting Plaintiffs' argument previously, this Court found, among other things, that the "Securities Act originally included language preventing a different exemption from applying to cases following future distributions. The fact that Congress did not similarly stop the dealer exemption for future distributions suggests that Congress did not intend to restart the 40 day period to qualify for the *dealer's exemption*." (Op. & Order at 23, Dkt. 127) (emphasis added) (citation omitted). The referenced amicus brief does not address this point.

3

New York, New York  10036
Phone:  (212) 880-3973
Fax:  (212) 880-3998
*Attorneys for Defendant*
*KCG Americas LLC*

Adam S. Hakki (*pro hac vice*)
Adam.Hakki@Shearman.com
Agnès Dunogué (*pro hac vice*)
Agnes.Dunogue@Shearman.com
Elizabeth J. Stewart (*pro hac vice*)
Elizabeth.Stewart@Shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
Phone:  (212) 848-4000
Fax:  (212) 848-7179
*Attorneys for Defendants Citigroup Global*
*Markets Inc. and Automated Trading Desk*
*Financial Services, LLC*

Fraser L. Hunter, Jr. (*pro hac vice*)
fraser.hunter@wilmerhale.com
David Sapir Lesser (*pro hac vice*)
david.lesser@wilmerhale.com
Jamie S. Dycus (*pro hac vice*)
jamie.dycus@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Phone: (212) 230-8800
Fax: (212) 230-8888
*Attorneys for Defendant UBS Securities LLC*

4

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Brian J. Lamb, certify that the foregoing memorandum adheres to the page limitation set forth in Local Rule 7.1(f). This case has been assigned to the standard track.

/s/ Brian J. Lamb
Brian J. Lamb (0055447)
Brian.Lamb@thompsonhine.com
Thomas M. Ritzert (0085370)
Thomas.Ritzert@thompsonhine.com
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
Phone: (216) 566-5500
Fax: (216) 566-5800
*Attorneys for Defendants KCG Americas LLC, Citigroup Global Markets Inc., Automated Trading Desk Financial Services, LLC, and UBS Securities LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2015, a copy of the foregoing was filed electronically with the Court's Case Management / Electronic Case Files (CM/ECF) docketing system.  Notice of this filing will be sent by operation of the CM/ECF system.  Notice of this filing will also be sent by mail to anyone unable to accept electronic filing, as indicated on the Notice of Electronic Filing.  Parties may access this filing through the CM/ECF system.

/s/ Brian J. Lamb
Brian J. Lamb (0055447)
Brian.Lamb@thompsonhine.com
Thomas M. Ritzert (0085370)
Thomas.Ritzert@thompsonhine.com
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
Phone:  (216) 566-5500
Fax: (216) 566-5800
*Attorneys for Defendants KCG Americas LLC, Citigroup Global Markets Inc., Automated Trading Desk Financial Services, LLC,  and UBS Securities LLC*